**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| 8449 PALMETTO AVE., LLC, | ) | CASE NO. EDCV15-01230 MMM (AJWx) |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER REMANDING CASE TO STATE COURT** |
| ELENA MERCADO, et al., | ) ) | |
| Defendant(s). | ) ) ) | |

The Court sua sponte REMANDS this action to California Superior Court for the County of San Bernardino for lack of subject matter jurisdiction, as set forth below.

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32 (2002) (quoting Great Northern R. Co. v. Alexander, 246 U.S. 276, 280 (1918)). Where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. Id.; Nevada v. Bank of America Corp., 672 F.3d 661, 667 (9th Cir. 2012); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam).

Unless otherwise provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th

Cir. 2006); Gaus, 980 F.2d at 566-567. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Protection, 537 U.S. at 33. Failure to do so requires that the case be remanded because "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

- ☒ No basis for federal question jurisdiction has been identified.
    - ☒ The Complaint does not include any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
    - ☒ Removing defendant(s) asserts that the affirmative defenses at issue give rise to federal question jurisdiction, but "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not only anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). An "affirmative defense based on federal law" does not "render[] an action brought in state court removable." Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994). A "case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 14 (1983).
    - ☒ The underlying action is an unlawful detainer proceeding, arising under and governed by the laws of the State of California.
- ☒ Diversity jurisdiction is lacking.
    - ☒ Every defendant is not alleged to be diverse from every plaintiff. 28 U.S.C. § 1332(a).
    - ☒ The Complaint does not allege damages in excess of $75,000, and the removing defendant(s) has not shown, by a preponderance of the evidence, that the amount

Page 2

|   |   |
|---|---|
| 1<br>2 | in controversy requirement has been met. 28 U.S.C. § 1332(a); <u>Abrego Abrego</u>, 443 F.3d at 683. [See page 3 of Unlawful Detainer Complaint attached to Notice of Removal; the remainder of the Complaint is not attached]. |
| 3<br>4 | ☒    The underlying unlawful detainer action is a limited civil action that does not exceed $10,000. [See page 3 of Unlawful Detainer Complaint attached to Notice of Removal; the remainder of the Complaint is not attached]. |

In addition, to the extent that the removing defendant(s) alleges or attempt to allege that removal jurisdiction exists under 28 U.S.C. § 1443(1), the Notice of Removal fails to meet the removing defendant's burden to demonstrate that this action may be removed pursuant to that provision for "civil rights cases." "[T]he ground for removal [under section 1443(1)] is both specific and extremely narrow." <u>Davis v. Super. Ct. of State of Cal.</u>, 464 F.2d 1272, 1273 (9th Cir. 1972). A removal petition under section 1443(1) must satisfy a two-part test. "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." <u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999 (9th Cir. 2006) (quoting <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir.1970) (per curiam)); see <u>Johnson v. Mississippi</u>, 421 U.S. 213, 219 (1975).

The Notice of Removal alleges that plaintiff and plaintiff's attorney violated the California Code of Civil Procedure and state evidence rules, that plaintiff's attorney has "in effect" used his or her "knowledge of the law" in an attempt to "prevent Defendant from fully and accurately presenting his case," that defendant's equal protection rights are "non-existent in state court unlawful detainer actions," and therefore that plaintiff's counsel and the state courts have deprived defendant of his Fourteenth Amendment due process and equal protection rights. [Notice of Removal 3-4]. Those conclusory allegations fail to satisfy the "specific and extremely narrow" requirements of section 1443(a). See <u>Patel</u>, 446 F.3d at 999 (remanding where the removing defendants "point[ed] to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor . . . to anything that suggests that the state court would not enforce their civil rights in the state court proceedings"); see also <u>Sandoval</u>, 434 F.2d at 636 ("Bad experiences with the particular court will not suffice."); <u>Golden Union Prop., LLC v. Amesquita</u>, 2011 WL 321095, at *4 (C.D. Cal. Jan. 26, 2011)

1 (remanding the case to state court because the defendant's allegation that his "[c]onstitutionally
2 guaranteed rights to due process and a fair hearing" were "abrogated or rendered non-existent" by an
3 unlawful detainer action were "insufficient to invoke the court's jurisdiction under § 1443").
4     Accordingly, **IT IS ORDERED** that this matter may be, and hereby is, **REMANDED** to the
5 California Superior Court listed above for lack of subject matter jurisdiction.

7 Date: June 30, 2015             /s/ Margaret M. Morrow
                                         UNITED STATES DISTRICT JUDGE